IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3096-FL

| | |
|---|---|
| ISAAC DOBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DR. DUCHESNE and TRACY JOHNS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment [1] (DE # 24) of defendants Dr. Carlos Duchesne ("Duchesne") and Warden Tracy Johns ("Johns"). Also before the court is plaintiff's motion to outline relief (DE # 23), which this court construes as a motion to amend his complaint. The matters are ripe for adjudication. For the following reasons, the court denies plaintiff's motion to amend, grants defendants' motion for summary judgment, and dismisses plaintiff's action against defendant Dr. Mercado ("Mercado") without prejudice.

## STATEMENT OF THE CASE

On June 9, 2010, plaintiff brought this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Duchesne, Johns, and Mercado. Plaintiff alleged in his complaint that Duchesne and Johns were deliberately indifferent

---

[1] Because the parties attached matters which are outside of the pleadings, defendants' motion to dismiss is construed as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

to his medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff, however, failed to provide any particular allegations against Mercado.

On February 25, 2011, petitioner filed a motion to amend in which he states that he is suing Mercado and Duchesne in both their official and individual capacities. Plaintiff's amended pleading also states that he is suing Johns and the Butner Pharmacy in their official capacities. On March 7, 2011, Johns and Duchesne filed a motion for summary judgment, arguing that plaintiff's claims against Johns should be dismissed because plaintiff improperly brought the action pursuant to a theory of respondeat superior. Alternatively, Johns argues he is entitled to qualified immunity. Duchesne argues that he is entitled to summary judgment because as a public health service officer ("PHS"), he is entitled to absolute immunity for Bivens claims.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, are as follows. Plaintiff's complaint deals with the medical care he received while he was incarcerated at the Federal Correctional Institution in Butner, North Carolina. (Pet. 5.) Plaintiff states that he received an operation on his kidney and pancreas in May 1991. (Id.) Plaintiff was given cyclosporine subsequent to his surgery to prevent rejection of his kidney and pancreas. (Id.) At some point, Butner's pharmacy refused to provide plaintiff with his anti-rejection medication for a period of five days, until May 9, 2008, when non-medical staff intervened on his behalf. (Id.) When plaintiff resumed taking his medication, his pancreas and kidneys were in the process of rejection. (Id.)

At some point, Butner staff took plaintiff to Duke hospital, which transferred him to Durham Regional Medical Center. (Id. 6.) Medical staff at Durham Regional Medical Center treated plaintiff for thirty (30) days in order to restore his kidney and pancreatic functions. (Id.) Plaintiff states that

2

the physicians at Durham Regional Medical Center informed him that the cessation of the drug cyclosporine prompted the rejection of his organs. (Id.)

## DISCUSSION

A.  Motion to Amend

Plaintiff seeks leave to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff must have leave of court to amend his complaint. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962) Plaintiff's amended pleading provides only conclusory allegations against Mercado, as well as the Butner Pharmacy.[2] Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989).

Plaintiff did not provide any factual support for his claim against Mercado or the Butner Pharmacy. In particular, plaintiff failed to state how Mercado or the Butner Pharmacy violated his constitutional rights or what injury he suffered as a result of these defendants' actions. Additionally, the Butner Pharmacy is not a proper defendant in a § 1983 action because it is not a person. See Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (noting that a federal civil rights claim

---

[2] Plaintiff's amended pleading states: "Dr. Mercado is being sued in his individual capacity for $500.000 and in his official capacity for the sum of $10 million dollars. The Butner Pharmacy is being sued in only their official capacity for the sum of $100,000." (Am. Compl. 1.)

3

under § 1983 must show that the alleged deprivation was committed by a person acting under color of state law"); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, **1 (4th Cir. 2000) (stating claims filed pursuant to § 1983 must be directed at persons). Thus, the court finds that it is futile to allow plaintiff to amend his complaint to include a claim against Mercado or the Butner Pharmacy because if he were permitted to proceed with his claims against these defendants, they would be dismissed for failure to state a claim upon which relief may be granted.

In addition to his conclusory allegations against Mercado and the Butner Pharmacy, plaintiff suggests a new claim arising out of his need of a hernia operation.[3] Plaintiff's motion to add new parties and a new claim implicates Federal Rule of Civil Procedure 20(a)(2), which provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This rule does not permit a plaintiff to join multiple defendants in a single lawsuit where the claims against the defendants are unrelated. See e.g., Harris v. Raleigh, No. 5:10-CT-3098-D, 2011 WL 1659346, *4 (E.D.N.C. May 2, 2011) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citations omitted)). Plaintiff's proposed additional claim regarding his hernia surgery has no relation to his claims regarding the treatment of his kidney and pancreas. Allowing plaintiff to add a new defendant at this stage of the proceedings would not serve the interests of

---

[3] The court notes that plaintiff has not named the party or parties responsible for the alleged conduct to support this claim, nor has plaintiff provided factual support for this claim as required by White v. White, 886 F.2d 721, 723 (4th Cir. 1989).

4

judicial efficiency and would prejudice defendants. If plaintiff wishes to pursue this claim, the proper avenue is a separate action making the relevant factual and legal allegations against the relevant defendants. Based upon the foregoing, plaintiff's motion to amend is DENIED.

B. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

a. Absolute Immunity for Public Health Service Officer

Duchesne argues that he should be dismissed from this action because he is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a) of the Public Health Service Act. Section 233(a) protects commissioned Public Health Service officers and employees from being subject to suit while performing medical, surgical, dental, and similar functions. See Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1 (E.D.N.C. March 21, 2003), aff'd by 82 Fed. Appx. 790 (4th Cir. 2003). Under § 233(a), the exclusive remedy for actions against Public Health Service members is

5

against the United States pursuant to the Federal Tort Claims Act ("FTCA"). See 42 U.S.C. § 233(a); Cook, 2003 WL 23857310, at *1 (citing Cuoco v. Moritsugu, 222 F.3d 99, 107 (2nd Cir. 2000)).

Duchesne testified in an affidavit that, at the time he provided medical care to plaintiff at Butner, he was employed by the United States Department of Health and Human Services as a commissioned officer in the United States Public Health Service. (Defs.' Mem., Duchesne Aff. ¶ 1.) Specifically, Duchesne served as a physician and clinical director at the Federal Correctional Center in Butner, North Carolina. (Id. 2.) Accordingly, even if plaintiff's allegations of inadequate medical care are true, Duchesne, as an officer of the Public Health Service, is entitled to absolute immunity pursuant to § 233(a) because Duchesne is being sued based upon his performance of a medical function. See Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000) (holding there is "nothing in the language of § 233(a)" to support a finding that it "provides immunity only from medical malpractice claims."); see also Logan v. St. Charles Health Council, Inc., 2006 WL 1149214 at *2 (W.D. Va. 2006) (noting in dicta that § 233(a) is not limited to only medical malpractice cases). Because Duchesne is immune from plaintiff's suit, his motion for summary judgment is granted, and plaintiff's Bivens claim against him is DISMISSED.

In addition to Duchesne, plaintiff named another physician, Mercado, as a defendant in his original complaint. However, as noted above, plaintiff did not provide any factual allegations against Mercado in his complaint. Rather, his allegations were limited to the conduct of Duchesne. Accordingly, plaintiff's claim against Mercado in his original complaint is DISMISSED without prejudice. See White, 886 F.2d at 723 (finding that a plaintiff must provide a minimum level of factual support for his claim).

6

b. Supervisor Liability

Johns correctly argues that he may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable in § 1983 suits. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). To the extent plaintiff alleges a claim pursuant to supervisor liability, the United States Supreme Court recently addressed the theory of supervisor liability in the context of a Bivens action. Iqbal, 129 S.Ct. at 1949. The Court held, "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948. Mere knowledge is not sufficient to establish personal participation. Id.

In his complaint, plaintiff does not allege that Johns, the warden at Butner, personally took any action to violate plaintiff's constitutional rights. In his response to Johns's motion for summary judgment, plaintiff attempts to allege a supervisor liability claim against Johns. In support of his claim, plaintiff states, "Warden Johns[] involvement in the provision of medical care to the plaintiff was direct and he personally met with Mr. Doby and failed to provide the necessary sustaining treatments. Warden Johns' direct involvement in actual medical decisions made during the entire duration of Mr. Doby's protracted medical crisis violated plaintiff's constitutional rights." (Resp. p. 3.) Aside from these conclusory allegations, plaintiff does not state how Johns acted with deliberate indifference to his medical needs, or otherwise violated his constitutional rights.[4] Plaintiff

---

[4] In his affidavit in support of his response to defendants' motion for summary judgment, plaintiff makes allegations regarding a delay in obtaining medication in January 2011. In particular, plaintiff argues that on January 4, 2011, he asked Johns for assistance in obtaining his medication. Plaintiff states that Johns referred him to Ms. Harden and Ms. Harden instructed him to come back later that day. Plaintiff returned for the medication that night, but his medication still was not available. Plaintiff asked Johns for assistance the next day and plaintiff was able to obtain his medication. These allegations do not amount to deliberate indifference, nor does plaintiff allege any injury as a result of Johns's

7

Case 5:10-ct-03096-FL Document 28 Filed 09/08/11 Page 7 of 8

must provide a minimum level of factual support for his claim. See White, 886 F.2d at 723. Plaintiff has not met this burden. Instead, plaintiff's claim against Johns appears to be based upon a theory of vicarious liability, which is not permitted in Bivens action. See Iqbal, 129 S.Ct. 1949. Accordingly, Johns's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE # 23) is DENIED. Defendants' motion for summary judgment (DE # 24) is GRANTED, and the action is DISMISSED. Plaintiff's claim against Mercado is DISMISSED without prejudice.

SO ORDERED, this the 8th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

actions. Additionally, this incident is separate from the incident at issue in this action.

8